[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
FACTUAL BACKGROUND
On December 16, 1988, the plaintiff, James Ofstein d/b/a James Motor Cars d/b/a James Leasing Company and James Limousines Limited, Inc. filed an appeal pursuant to General Statutes12-422 from a decision of the defendant, the Commissioner of Revenue Services denying the plaintiff a reassessment. On May 8, 1990 the defendant filed a motion to dismiss with an accompanying memorandum of law. On May 22, 1990, the plaintiff filed a pleading entitled "objection to motion to dismiss" with an accompanying memorandum of law.
LAW CT Page 1084
"`A motion to dismiss properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot, as a matter of law and fact, state a cause of action that should be heard by the court.'" State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 299 (1987) (citation omitted).
The defendant argues in his supporting memorandum that although he mailed notice of the assessments on August 1, 1988 to the plaintiff, the plaintiff's petition for reassessment was not filed until November 7, 1988, over two months after the assessments became final. The defendant asserts also that the plaintiff did not serve his appeal until December 13, 1988, over four months after the assessments became final. The defendant argues that because the plaintiff's right to appeal is a limited waiver of sovereign immunity, there must be strict compliance with that statute. See Owners-Operators Independent Drivers Assoc. of America v. State, 209 Conn. 679, 685 (1989), Lamb v. Burns,202 Conn. 158 (1987).
The plaintiff argues in his memorandum in opposition that his petition for reassessment was timely made because the defendant's service of assessment was by mail rather than by personal service. The plaintiff maintains that he never received the notice but received actual notice when a warrant was served on him. The plaintiff argues that due process requires that a taxpayer be personally served before an assessment becomes final. In addition, the plaintiff maintains that if notice by mail is sufficient, the plaintiff should be allowed to petition for reassessment because he had no knowledge of the assessment and therefore was unable to avail himself of the statutory remedy for reassessment.
The defendant completed service upon the plaintiff pursuant to General Statutes 12-415 (6) which states:
 (6) Notice of assessment. The commissioner shall give to the retailer or person storing, accepting, consuming or otherwise using services or tangible personal property written notice of his assessment. The notice may be served personally or by mail. If by mail, it shall be addressed to the retailer or person storing, accepting, consuming or otherwise using services or tangible personal property at his address as it appears in the records of the commissioner's office. In case of service by mail of any notice required by this chapter, the service is complete at the time of deposit in the United States post office or mail box. CT Page 1085
The plaintiff petitioned for reassessment pursuant to General Statutes 12-418 which states:
 Sec. 12-418. Reassessments. (1) Petition for reassessment. Any person against whom an assessment is made under section 12-415 or 12-416 or any person directly interested may petition for a reassessment within thirty days after service upon such person of notice thereof. If a petition for reassessment is not filed within the thirty-day period, the assessment becomes final at the expiration of the period.
The defendant denied the petition for reassessment on the grounds that the petition was not timely.
The plaintiff then appealed the denial if its petition for reassessment pursuant to General Statutes 12-422 which states:
 Sec. 12-422. Appeal. Any taxpayer aggrieved because of any order, decision, determination or disallowance of the commissioner of revenue services under section 12-418, 12-421 or 12-425
may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain*, which shall be accompanied by a citation to the commissioner of revenue services to appear before said court. Such citation shall be signed by the same authority, and such appeal shall be returnable at the same time and served and returned in the same manner, as required in case of a summons in a civil action. The authority issuing the citation shall take from the appellant a bond or recognizance to the state of Connecticut, with surety to prosecute the appeal to effect and to comply with the orders and decrees of the court in the premises. Such appeals shall be preferred cases, to be heard, unless cause appears to the contrary, at the first session, by the court or by a committee appointed by it. Said court may grant such relief as may be equitable and, if such tax has been paid prior to the granting of such relief, may order the treasurer to pay the amount of such relief, with interest at the rate of six per cent per annum, CT Page 1086 to the aggrieved taxpayer. If the appeal has been taken without probable cause, the court may tax double or triple costs, as the case demands; and, upon all such appeals which are denied, costs may be taxed against the appellant at the discretion of the court, but no costs shall be taxed against the state.
Because the defendant denied the plaintiff's petition by letter dated November 22, 1988 and the plaintiff filed his appeal on December 16, 1988, the appeal is timely under General Statutes 12-422. Accordingly, the motion to dismiss is denied.
Freed, J.